Filed 11/21/25  P. v. Nawaz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SIBGHATALLAH MUHAMMAD NAWAZ,<br><br>      Defendant and Appellant. | D084195<br><br><br>(Super. Ct. No. SCD294384) |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Sibghatallah Muhammad Nawaz of 17 counts of lewd acts committed upon a child of 14 or 15 years of age when he was at least 10 years older than the child (Pen. Code, § 288, subd. (c)(1); counts 1-17) and one count of misdemeanor false report of a crime to a peace officer (§ 148.5(a); count 18).  For counts 1 through 17, the jury found true that (1) the crimes were carried out with planning, sophistication, or professionalism and

(2) Nawaz took advantage of a position of trust and confidence to commit the crimes. (Cal. Rules of Court, rule 4.421(a)(8) & (11).)

Appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 indicating he found no arguable issues for reversal on appeal. Counsel asks us to review the record for error as *Wende* requires. We offered Nawaz the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues. We thus affirm.

## I.

## A.

The charges against Nawaz stemmed from his conduct over a four-month period during the victim's freshman year of high school. Nawaz is about three decades older than the victim. Nawaz, who sometimes drove his sons and the victim to or from school, began spending time alone with the victim almost every weekday. At that point, the victim considered herself "[w]ay closer" to Nawaz than to "anyone else" in her life. Nawaz then devised a plan for the victim to lie to the police about her parents abusing her. He encouraged the victim to frequently masturbate over both audio and video calls with him. When together in person, Nawaz at various times touched the victim's breast or vagina.

The jury convicted Nawaz on all counts and found the two associated aggravating factors true.

## B.

The court sentenced Nawaz to a total prison term of 13 years and eight months. To reach that total prison time, the court imposed the upper term of three years on count 1 followed by consecutive eight-month terms on counts 2-17, which represented one-third the middle term, and credit for time

served on count 18. The court also imposed a $300 restitution fine (§ 1202.4(b)), a $300 parole revocation restitution fine (§ 1202.45), $1,540 in restitution to the victim (§ 1202.4(f)), a $720 court operations assessment (§ 1465.8), and a $540 criminal conviction assessment (Gov. Code, § 70373).

## II.

Nawaz's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking us to independently review the record for error.

We reviewed the entire record as required and discovered no arguable issues for reversal on appeal. Competent counsel has represented Nawaz on this appeal.

## III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.

3